IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

A.L.,

        Plaintiff,

v.                                                                                            No. 16cv266 MV/KK

BERNALILLO COUNTY *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed April 7, 2016 ("Application"), and on her Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed April 7, 2016 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **STRIKE** Plaintiff's Complaint, and the exhibits attached to the Complaint, pursuant to rules 12(e) and 12(f)(1) of the Federal Rules of Civil Procedure. Plaintiff shall have 21 days from entry of this Order to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of the Court. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."  *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).  "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and that the following information is true: (i) her monthly income is $730.00; (ii) her monthly expenses are $616.00; and (iii) she is unemployed.  Because her low monthly income only slightly exceeds her monthly expenses, the Court finds that Plaintiff is unable to prepay the fees to initiate this action.

**The Complaint**

Plaintiff is proceeding *pro se*.  The court must liberally construe a *pro se* litigant's pleadings and hold them to a less stringent standard than required of those prepared by a lawyer.

2

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, a *pro se* litigant must follow the same rules of procedure that govern other litigants.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Rule 12(e) of the Federal Rules of Civil Procedure permits the Court to order a more definite statement where a complaint is so vague or ambiguous that an opposing party cannot reasonably prepare a response.  Fed. R. Civ. P. 12(f) provides that the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter.  Rule 8 requires that a complaint set out a short, plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1).  Under Rule 10(c) of the Federal Rules of Civil Procedure, written instruments attached to a complaint are incorporated and made a part of the complaint.  "Exhibits are not to be attached to a pleading unless the documents attached form the basis for the action or defense."  D.N.M.LR-Civ. 10.4.

Plaintiff's 71-page Complaint, which names 32 defendants, is accompanied by 321 pages of exhibits.  The extensive allegations and voluminous exhibits render Plaintiff's Complaint vague and ambiguous and make it impossible for an opposing party to formulate any reasonable response to the Complaint.  The Court will not comment on whether the exhibits may prove to support the allegations of Plaintiff's Complaint.  However, due to the voluminous nature of the exhibits, it cannot be determined which, if any, form the basis of her action or how they may relate to the claims she asserts.

The Court will strike Plaintiff's Complaint and Exhibits, and will grant Plaintiff 21 days to file an amended complaint that meets the requirements of Fed.R.Civ.P. 8 and D.N.M. LR-Civ.

10.4.   Failure to comply with this Order may result in dismissal of the case.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim and includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed April 7, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed April 7, 2016, and its exhibits are stricken.   Plaintiff may file an amended complaint setting forth a plain, simple, concise, and direct statement of her claims in compliance with Fed. R. Civ. P. 8 and D.N.M.LR-Civ. 10.4 within 21 days of entry of this Order. The combined length of the amended complaint and any exhibits may not exceed thirty-five (35) pages.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**